STATE OF NORTH CAROLINA v. LINDSEY KEESTER CARVER

No. 749SC549

(Filed 7 August 1974)

**1. Homicide § 21— voluntary manslaughter — sufficiency of evidence**

The State's evidence was sufficient to sustain a verdict of voluntary manslaughter where it tended to show that defendant took a shotgun away from the victim by pointing a handgun at him and then stepped back two or three steps and shot the victim.

**2. Criminal Law § 88— cross-examination of defendant**

The trial court did not abuse its discretion in allowing the solicitor to ask defendant on cross-examination why he did not subpoena certain witnesses.

**3. Criminal Law § 96— objection sustained — failure to instruct jury**

Where the court sustained defendant's objection to the solicitor's question concerning a court order prohibiting defendant from carrying a weapon, the court was not required to instruct the jury to disregard the question absent a request for additional instructions.

**4. Homicide § 24— instructions — reducing crime to manslaughter — self-defense**

In this homicide prosecution, defendant was not prejudiced by the trial court's erroneous instruction that "In order to reduce the crime to manslaughter, the defendant must prove . . . to your satisfaction that he acted in self-defense" where the court thereafter set out the necessary elements to negate malice and reduce the crime to manslaughter and made it clear in other portions of the charge that defendant would not be guilty of any offense if he acted in self-defense.

ON *certiorari* to review trial before *McLelland, Judge,* 22 October 1973 Session of Superior Court held in PERSON County.

Heard in Court of Appeals 20 June 1974.

Defendant was charged in a bill of indictment with the first degree murder of Leon Clay on 17 September 1972. He entered a plea of not guilty but was convicted by the jury of voluntary manslaughter. From judgment imposing a sentence of 12 to 15 years imprisonment, defendant filed notice of appeal. The record was not docketed in apt time, and this Court granted certiorari to permit appellate review.

*Attorney General Robert Morgan, by Assistant Attorney General George W. Boylan, for the State.*

*Ramsey, Jackson, Hubbard & Galloway, by Mark Galloway, for defendant appellant.*

State v. Carver

BALEY, Judge.

[1]   Defendant assigns as error the failure of the trial court to grant his motions for a directed verdict of not guilty, and, after the jury had returned a verdict of guilty of voluntary manslaughter, to set aside that verdict on the ground of insufficient evidence.

The State's evidence included the testimony of four eyewitnesses to the shooting. Two brothers of the deceased, Harold Clay and Roderick Clay, testified that they saw defendant take a shotgun from Leon Clay and then step back and shoot him. Burnell Paylor stated: "I observed Keester Carver walk up to Leon Clay, point a handgun at Clay's head within an inch of his head and take the shotgun from Clay . . . . After Carver got the shotgun he walked back two or three steps and shot." Harold Clay and Linda Royster told of previous threats to kill Leon Clay made by the defendant, and Linda testified: "I saw Keester come around the car, point the gun at Leon's head and take the shotgun and then shoot. . . . At the time Keester shot, he was standing two or three steps back from Leon." Admittedly there was a conflicting version of the shooting from defense witnesses, but the State's evidence was clearly sufficient for submission to the jury and to sustain a verdict of voluntary manslaughter.

[2, 3]   Defendant contends that the solicitor (District Attorney) was permitted to ask improper questions upon the cross-examination of the defendant, and specifically to inquire why defendant did not subpoena certain witnesses. Control of the cross-examination is largely within the discretion of the trial court, *State v. Ross*, 275 N.C. 550, 169 S.E. 2d 875, *cert. denied*, 397 U.S. 1050, and there was no manifest abuse of such discretion in this case which could be considered to be prejudicial. The court sustained defendant's objection to the solicitor's question concerning a court order prohibiting defendant from carrying a weapon, and defendant complains that the jury was not instructed to disregard the question. No request was made for any additional jury instructions, and the court was not required to take such action in the absence of a specific request. In any event defendant is subject to cross-examination concerning his conviction for crime. *State v. Miller*, 281 N.C. 70, 187 S.E. 2d 729; *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174.

[4]   Finally defendant has assigned as error the charge of the court with respect to his right of self-defense. When considered

as a whole the charge was full, fair, and impartial, and gave to defendant every consideration to which he was entitled under the law. It instructed the jury that the right to kill in self-defense is based on the necessity, real or apparent, to the defendant to kill to save himself from death or great bodily harm, and explained by reference to the evidence in this case the constituent elements of the right of self-defense. Through an inadvertence the court at one point stated: "In order to reduce the crime to manslaughter, the defendant must prove, not beyond a reasonable doubt, but simply to your satisfaction that he acted in self-defense." This is an obvious error as there would be no crime if defendant proved to the satisfaction of the jury that he acted in self-defense. Immediately after the above *lapsus linguae,* the court proceeded to set out the necessary elements to negate malice and reduce the crime to manslaughter and pointed out "that [if] the defendant acted properly in self-defense, he would not be guilty of any offense." The court made this clear in numerous other references throughout the charge, and the jury could not have been reasonably misled. This inadvertent error was harmless beyond a reasonable doubt. *State v. Bryant,* 283 N.C. 227, 195 S.E. 2d 509; *see Chapman v. California,* 386 U.S. 18, 17 L.Ed. 2d 705, 87 S.Ct. 824 (1967).

The facts in this case are in serious dispute, but the jury has accepted the State's version, at least in part, in its verdict of voluntary manslaughter. No prejudicial error has been shown which would justify disturbing this verdict.

No error.

Judges MORRIS and VAUGHN concur.